FRED RILEY HOME BUILDING
CORPORATION, et al.,
Plaintiffs,

v.

Charles COSGROVE d/b/a Traditional
Homes, et al., Defendants.

No. 93–2313–KHV.

United States District Court,
D. Kansas.

March 20, 1995.

Clifford A. Cohen, Buck, Bohm & Stein, P.C., Leawood, KS, Mark E. Brown, Gerald M. Kraai, Kent R. Erickson, Litman, McMahon & Brown, Kansas City, MO, Kevin D. Case, Office of Atty. Gen., Topeka, KS, for Fred Riley Home Bldg. Corp., Bonnie's Designs, Inc.

Mark E. Brown, Kent R. Erickson, Litman, McMahon & Brown, Kansas City, MO, for Brad True Inc., Don Julian dba Don Julian Builders.

Charles Cosgrove, Kansas City, MO, pro se.

Kurt D. Tilton, Brian L. Smith, Smith, Bellar & Tilton, P.C., Phillip A. Miller, Phyllis G. Leach, Watson & Marshall L.C., Kansas City, MO, for Charles Cosgrove dba Traditional Homes, Traditional Homes, Inc., a Kansas Corp.

Michael Yakimo, Jr., D.A.N. Chase, Chase & Yakimo, Overland Park, KS, for Richard Beaman dba The Drawing Room.

Joseph B. Bowman, Penny R. Slicer, Devon A. Rolf, Kokjer, Kircher, Bowman & Johnson, Kansas City, MO, for Michael Nolte.

Charles O. Thomas, Bonner Springs, KS, for Overland Cabinet Co., Inc.

David W. Hauber, Kenneth E. Holm, Boddington & Brown, Chtd., Kansas City, KS, Don M. Bradley, Michael B. Hurd, Shook, Hardy & Bacon, Kansas City, MO, for Landau Investment Co., Inc.

David W. Hauber, Boddington & Brown, Chtd., Kansas City, KS, Don M. Bradley, Michael B. Hurd, Shook, Hardy & Bacon, Kansas City, MO, for L & N Properties, Sam Nussbaum, Glen Ladd.

Mark C. Owens, James R. Orr, Bennett, Lytle, Wetzler, Martin & Pishny, L.C., Prairie Village, KS, Mark E. Brown, Kent R. Erickson, Litman, McMahon & Brown, Kansas City, MO, for Don Julian.

## MEMORANDUM AND ORDER

NEWMAN, United States Magistrate Judge.

This matter is before the court on Defendants' Joint Motion for Award of Attorneys' Fees (doc. 239). Plaintiffs have filed a response. Defendants have filed a reply. Plaintiffs have filed a surreply.

D.Kan. Rule 206 provides for an original memorandum, a responsive memorandum and a reply. There is no provision for the filing of a surreply. Therefore, plaintiffs' surreply has not been considered in the court's ruling herein.

### BACKGROUND

On July 22, 1993, plaintiffs, Fred Riley Home Building Corporation ("Riley"), Bonnie's Designs, Inc. ("Bonnie's Designs"), Brad True, Inc. ("True"), and Don Julian d/b/a Don Julian Builders ("Julian"), filed a copyright infringement action against defendants Charles Cosgrove and Traditional Homes, Inc. In Count I, Riley and Bonnie's Designs claimed copyright infringement by defendants of the Summit House, an architectural work in which they claimed co-authorship and co-ownership in the copyright, and the derivative work, the Century House. In Count II, Bonnie's Designs and True,[1] claimed copyright infringement by defendants of the Seville House, an architectural work in which they claimed co-authorship and co-ownership of the copyright. In Count III, Julian claimed copyright infringement by defendants of the Roseberry, an architectural work in which he claimed ownership of the copyright. A complete statement of facts is found in *Fred Riley Home Building Corporation, et al. v. Charles Cosgrove, et al.*, 864 F.Supp. 1034 (D.Kan.1994).

The jury trial of this case commenced on August 1, 1994. Prior to empaneling a jury, defendants orally moved to dismiss the action. The court took defendants' motion under advisement. A jury was then empaneled and evidence taken. Plaintiffs presented their evidence and rested. At the close of the plaintiffs' case, defendants moved for judgment as a matter of law, renewing their

---

1. Brad True, Inc. and defendants entered into a settlement agreement prior to trial.

arguments previously made. The court took the motion under advisement. Defendants presented their evidence and rested. At the close of defendants' case, defendants renewed their motions for judgment as a matter of law. The court took these motions under advisement.

Prior to submission of the matter to the jury, the court advised the parties that judgment would be entered in favor of defendants on the claims of Julian. Notwithstanding, the court submitted special questions related to infringement of the alleged copyright on the Roseberry.

The jury returned a verdict in favor of Bonnie's Designs, as the author of the Summit House, against defendants on Count I, in the amount of $1,500.00. The jury found that Riley was not an author of the Summit House. The jury returned a verdict in favor of Bonnie's Designs, as the author of the Seville House, against defendants on Count II, in the amount of $1,309.50. The jury returned a verdict in favor of Julian, as the owner of the Roseberry, against defendants, on Count III, in the amount of $14,450.00.

On August 19, 1994, the court issued a Memorandum and Order which formalized its oral rulings on the motions for judgment as a matter of law and entered judgment thereon along with judgment on the jury verdict. The court also entered its findings of fact and conclusions of law on plaintiffs' requests for injunctive relief and judgment thereon. The judgment of the court, in pertinent part, was as follows:

> Defendants' Motion for Judgment as a Matter of Law on the claims of copyright infringement by Fred Riley Home Building Corporation is granted. Further, judgment is entered on the jury verdict in favor of defendants Charles Cosgrove and Traditional Homes, Inc. against plaintiff Fred Riley Home Building Corporation on Count I.

> Defendants' Motion for Judgment as a Matter of Law on the claims for copyright infringement by Don Julian d/b/a Don Julian Builders is granted.

> Judgment is entered on the jury verdict in favor of Bonnie's Designs, against defendants Charles Cosgrove and Traditional Homes, Inc., on Count I ... in the amount of $1,500.00 ... and Count II in the amount of $1,309.50.

> Defendants Charles Cosgrove and Traditional Homes, Inc., are enjoined from constructing, reproducing, duplicating, copying, marketing, selling, or displaying any architectural work which is substantially similar to the architectural works of Bonnie's Designs, identified as the Summit House, which is the subject of U.S. Copyright Registration No. VA 573–726 ... [and the Seville] which is the subject of U.S. Copyright Registration No. VA 595–473 owned by plaintiff Bonnie's Designs.

> All claims of Fred Riley Home Building Corporation against Charles Cosgrove and Traditional Homes, Inc., are dismissed with prejudice and judgment is entered in favor of Charles Cosgrove and Traditional Homes, Inc., on Count I as to the claims of plaintiff Fred Riley Home Building Corporation.

> All claims of Don Julian d/b/a Don Julian Builders against Charles Cosgrove and Traditional Homes, Inc., are dismissed with prejudice and judgment is entered in favor of Charles Cosgrove and Traditional Homes, Inc., on Count III.

After entry of the court's order and judgment, plaintiff Bonnie's Designs settled its claims with the defendants. Defendants have filed their motion for an award of attorneys' fees against plaintiffs Riley and Julian.

## ATTORNEYS' FEES UNDER FED.R.CIV.P. 68

Defendants assert a claim for attorneys' fees against plaintiff Riley under Fed. R.Civ.P. 68 which provides:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

On or about October 29, 1993, defendants served plaintiffs Riley and Bonnie's Designs with an offer of judgment, pursuant to Fed. R.Civ.P. 68. Defendants offered to allow judgment to be entered against them in the sum of $501.00, together with costs accrued to date, and excluding attorneys' fees. Defendants also agreed to the entry of injunctive relief in favor of plaintiffs enjoining defendants from infringing on plaintiffs' claimed rights set out in the complaint. Plaintiffs did not accept the offer of judgment. Defendants now argue that since plaintiff Riley did not obtain a judgment more favorable than the offer, Riley must pay defendants' costs incurred after the making of the offer, including attorneys' fees.

■ Attorneys' fees may be assessed as costs under Rule 68 only where an underlying statute defines "costs" to include attorneys' fees. *Marek v. Chesny,* 473 U.S. 1, 8–9, 105 S.Ct. 3012, 3016–3017, 87 L.Ed.2d 1 (1985). In this case, the relevant statute, 17 U.S.C. § 505, specifically provides that the court may award attorneys' fees to the prevailing party as part of the costs.

The court must, therefore, determine whether the judgment finally obtained by the defendants is more favorable than the offer. Defendants' offer of judgment was tendered to plaintiffs Riley and Bonnie's Designs jointly. Defendants now suggest that the court disregard the judgment entered in favor of plaintiff Bonnie's Designs and consider only the favorable judgment entered against plaintiff Riley. This the court declines to do.

The defendants are bound by their offer of judgment. The offer of judgment was a joint offer to plaintiffs Riley and Bonnie's Designs. The aggregate judgment entered in favor of the plaintiffs jointly is clearly more favorable than the offer. The jury returned a verdict in favor of Bonnie's Designs against defendants on Count I in the amount of $1,500.00, and on Count II in the amount of $1,309.50. The court entered injunctive relief in favor of plaintiff Bonnie's Designs substantially in accordance with the complaint. Defendants are not entitled to attorneys' fees under Fed. R.Civ.P. 68.

## ATTORNEYS' FEES UNDER THE COPYRIGHT ACT

■ Defendants also claim attorneys' fees against plaintiffs Riley and Julian as the prevailing party under the Copyright Act. 17 U.S.C. § 505 provides that in any copyright infringement action "the court may ... award a reasonable attorney's fee to the prevailing party as part of the costs." The Supreme Court has recently held that prevailing parties, whether plaintiff or defendant, must be treated similarly, with attorneys' fees to be awarded in the court's discretion. *Fogerty v. Fantasy, Inc.,* — U.S. ——, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). While there is no precise rule or formula for determining when attorneys' fees should be awarded, the courts may consider such factors as frivolousness, motivation in filing or defending the action, objective unreasonableness and the need in particular circumstances to advance considerations of compensation and deterrence. *Id.* at —— n. 19, 114 S.Ct. at 1033 n. 19. Such factors may be used as long as they are "faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." *Id.*

■ Defendants argue that although plaintiff Bonnie's Designs prevailed on her claims, the claims of the plaintiff builders, Riley and Julian, were rejected. On these claims the defendants clearly prevailed. Defendants contend that the claims of ownership and authorship by Riley and Julian were asserted as a means to increase the damage claims in this action. Defendants further argue that the sole purpose for bringing this action was to drive out the competition presented by the defendants in the home building market in the Kansas City area. In support of their argument, defendants cite evidence offered during the trial by two witnesses to the effect that the lawsuit was pursued for anticompetitive purposes. Plaintiffs deny such improper motives and argue that their claims were pursued in good faith due to their belief that they held interests protected by the copyright laws and that such interests were being infringed by defendants.

Judgment was entered in favor of defendants as to the claims of plaintiffs Riley and

Julian. Notwithstanding, entry of such judgment, the inquiry is not ended. The court must first consider whether the defendants are, under all the circumstances of this case, the prevailing parties. Then, the court should determine whether fees should be allowed considering the policies and goals to be served by the Copyright Act. *Fogerty,* —— U.S. at ——, 114 S.Ct. at 1033.

Judgment was entered against defendants in favor of plaintiff Bonnie's Designs on Counts I and II. The jury found that in each case the defendants infringed copyrights owned by this plaintiff. The court, thereafter, entered findings of fact and conclusions of law to the same effect. The jury verdict and the court's findings are supported by the evidence. The evidence established that in each instance, defendants copied the houses constructed from plans prepared by Bonnie's Designs and built by plaintiff Riley and or True. Although defendants did not actually build the house copied from the Summit House plans, construction was interrupted by the filing of this action. As to the Seville House, the evidence disclosed that defendants built at least 16 houses from plans prepared by measuring a home constructed by True and which was protected by the copyright of plaintiff Bonnie's Designs. While the defendants did prevail against Riley who was unable to establish its authorship and ownership of copyrights, the defendants did not prevail on the issue of their infringement of copyrights owned by the designer. The defendants were found to have infringed on two of the copyrights in issue.

The court reviews the case as a whole. Defendants' infringement of the copyrights in issue in Counts I and II continued from its inception until the filing of the action. The filing of the action caused the termination of defendants' infringing activities. The court, therefore, finds that the defendants are not prevailing parties in the action. Consequently, defendants are not entitled to attorneys' fees under 17 U.S.C. § 505.

■ Notwithstanding, the court would not award attorneys' fees in favor of defendants considering the factors enumerated in *Fogerty v. Fantasy, Inc.,* —— U.S. ——, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). One of the goals of the Copyright Act is to discourage infringement. Defendants were found to have engaged in infringing activities on Counts I and II. The jury determined that defendants had engaged in infringing activities as to Count III. The sole basis for the entry of judgment in favor of the defendants on Count III was the lack of an enforceable copyright in the plaintiff Julian. Notwithstanding failure to recover against defendants by Riley and Julian, the infringing conduct of defendants was apparent. One of the primary purposes of the Copyright Act would be undermined by allowing attorneys' fees to the defendants. The purposes of the Copyright Act would not be subserved by an award of attorneys' fees in favor of defendants.

Defendants argue that Riley and Julian "trumped up" their claims of ownership and authorship in order to increase the potential for damages in this action. Defendants rely on certain alleged misrepresentations by plaintiffs in their applications for copyright registration and their efforts to establish rights to the copyrights through execution of various assignments in order to perfect their litigation claims. The court notes what appears to have been efforts on behalf of plaintiffs Riley and Julian to bootstrap claims in this action by the execution of certain documents shortly before trial, as well as by attempting to stretch the limits of applicable law in asserting claims of authorship in their applications for registration of the copyrights in issue. Perhaps a more careful study of the existing law would have revealed the futility of these efforts. Notwithstanding, in response to special questions, the jury found that plaintiffs had not engaged in inequitable, unfair and dishonest, or fraudulent and deceitful conduct. Rather, the infringing activities of defendants were and are the focus of this action.

Defendants contend that the claims of Riley and Julian were nothing more than a calculated effort to drive their competition out of Johnson County. While there was evidence at trial that plaintiffs Riley and Julian wanted to remove defendant Cosgrove as a competitor, the infringing activities of the defendants were well supported by the

evidence. It is these activities which preclude the award of attorneys' fees.

This case involved multiple claims with multiple plaintiffs on two of the three claims. The case was prepared and proceeded throughout as one case. All plaintiffs were jointly represented by the same attorneys as were the defendants. Neither the discovery in the case, nor the trial would have been materially truncated had the claims of Julian and Riley not been presented and defendants have offered no evidence to the contrary. Defendants vigorously challenged the copyrights of Bonnie's Designs and there is no evidence to suggest that defendants would have proceeded in any different manner had the claims of Riley and Julian not been presented.

Considering all factors, the court finds that an award of attorneys' fees to defendants in this case would be contrary to the goals and policies to be served by the Copyright Act. Therefore, the court denies Defendants' Joint Motion for Award of Attorneys' Fees (doc. 239).

IT IS SO ORDERED.